## Foreign Insurance Company Shares

MICHAEL J. STACK, JR., Deputy Attorney General, and ANNE X. ALPERN, Attorney General, August 27, 1959.—You have requested an opinion as to whether an application by an out-of-State insurance company to do business in this Commonwealth should be granted when such company has stock of a par value of less than $5 or no par value stock.

Section 205 of The Insurance Company Law of May 17, 1921, P. L. 682, as amended, 40 PS §385, provides:

"The capital stock of all stock insurance companies shall be divided into shares of not less than five dollars ($5) . . ."

The act in question contains 11 articles. The second article, in which section 205 is found, relates to the incorporation of insurance companies under the laws of the Commonwealth. The sections immediately preceding and following section 205 make reference to companies organized under this act, i.e., domestic com-

panies. It would appear reasonable to read section 205 in context and apply its provisions only to domestic companies and not to foreign companies.

Article III of this act, which is entitled "General Provisions Relating to Insurance Companies, Associations and Exchanges", section 301, 40 PS §421, contains no requirement for minimum par value of stock shares. This section protects Pennsylvania citizens who place their insurance with a foreign insurance company by providing, inter alia, that the company must file a statement of its financial condition and business, must satisfy the Insurance Commissioner that it has the requisite amount of capital fully paid up and unimpaired and furnish such other information as may be required. It is clear that your department has all necessary authority under the act to ascertain the financial stability of the foreign company and to determine whether its capital has been impaired.

Furthermore, the $5 capital stock limitation in section 205 is one with which a foreign company probably would not be familiar at the time of its incorporation. We should not place unnecessary and unrealistic burdens upon foreign companies seeking to do business in Pennsylvania unless there is a valid reason for so doing. We find no such reason here.

Accordingly, it is our opinion, and you are so advised, that the provisions of section 205 above, relating to minimum par value of stock, do not apply to foreign insurance companies seeking to do business in Pennsylvania, and that if such companies meet all other statutory requirements for admission they may properly be certified to do business in Pennsylvania even though their capital stock structure provides for no par value stock or stock having a par value of less than $5.